IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 1:04-CR-217-UNA-ECS |
| | : | |
| JEFFERY WORTHY | : | |

GOVERNMENT'S RESPONSE TO PETITIONER'S SECOND MOTION
TO VACATE, SET-ASIDE OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255

Comes now the United States of America, by Sally Quillian
Yates, United States Attorney, and G. Scott Hulsey, Assistant
United States Attorney for the Northern District of Georgia, and
responds to the Defendant's Second Motion to Vacate, Set-Aside or
Correct Sentence pursuant to 28 U.S.C. § 2255.

INTRODUCTION AND PROCEDURAL HISTORY

Defendant, Jeffery Worthy, was indicted by a federal grand
jury in the Northern District of Georgia on April 21, 2004, for two
counts of carjacking, in violation of 18 U.S.C. § 2119. (Doc. 10).

From October 4, 2004, through October 6, 2004, the Defendant
was tried by a jury before the Honorable Jack T. Camp. (Doc. 53
through Doc. 56). On October 6, 2004, the jury found Defendant
guilty of both counts of carjacking and found that Defendant had
caused serious bodily injury to the two victims in counts one and
two of the indictment. (Doc. 57).

-1-

Following his conviction, on January 4, 2005, Defendant was sentenced to 300 months imprisonment, to be followed by five years of supervised release, and was ordered to pay restitution in the amount of $15,529.90 and a $200.00 special assessment. (Doc. 63).

Defendant appealed, and the Eleventh Circuit Court of Appeals affirmed his conviction and sentence on January 26, 2006 (Doc. 77). The Supreme Court's denial of certiorari was entered on the docket on May 30, 2006. (Doc. 78). On May 29, 2007, Defendant filed a *pro se* motion to vacate, set-aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. (Doc. 82). That motion was denied on July 9, 2008. (Doc. 88). Defendant is incarcerated serving his sentence.

## ARGUMENT AND CITATION OF AUTHORITY

It is undisputed that the Defendant's present motion for relief pursuant to 28 U.S.C. § 2255 is his second under this statute. Because of this, Defendant's motion is impermissibly successive, and this Court is without jurisdiction to consider it. In order for the district court to have jurisdiction to consider a second or successive motion under 28 U.S.C. § 2255, such motion must be certified by the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); 28 U.S.C. § 2244; <u>see also</u> <u>Farris v. United States</u>, 333 F.3d 1211, 1216 (11th Cir. 2003)(without authorization from the appellate court, the district court lacks jurisdiction to consider a second or successive § 2255 petition); <u>In re Anderson</u>, 396 F.3d 1336, 1337 (11th Cir. 2005)(the district court may consider a second or successive § 2255 motion only if the appellate court certifies that the second or successive motion makes a prima facie showing of a claim that satisfies the requirements of 28 U.S.C. § 2255, <u>i.e.</u>, newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review).

In the instant case, Defendant previously filed a § 2255 motion that was denied on the merits (Docs. 82, 88), and Defendant has not been granted leave from the Eleventh Circuit to file a second or successive § 2255 motion.  Therefore, this Court is without jurisdiction to consider Defendant's present motion, and it must be dismissed.

CONCLUSION

WHEREFORE, the Government requests that this Court dismiss Defendant's instant motion under 28 U.S.C. § 2255, as an impermissible second or successive motion.

Respectfully submitted,

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

/s/ *G. Scott Hulsey*
G. SCOTT HULSEY
ASSISTANT UNITED STATES ATTORNEY

600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, Georgia 30303
404/581-6000
Georgia Bar No. 377480

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by electronic filing notification:

Stephanie Kearns
Federal Defender Program, Inc.
Atlanta, GA 30303

This 17th day of November, 2011.

/s/ *G. Scott Hulsey*
_____
G. SCOTT HULSEY
ASSISTANT UNITED STATES ATTORNEY