IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JEFFERY WORTHY<br>    Movant. | CRIMINAL DOCKET CASE #:<br>1:04-CR-217-JTC-ECS |

DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO
PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255

COMES NOW the Petitioner, JEFFERY WORTHY, and replies to the government's response to his petition to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, which the government has incorrectly characterized as petitioner's second or successive petition.

PROCEDURAL HISTORY

The government correctly notes that on May 29, 2007, Mr. Worthy filed a pro se motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. In that petition Claim One was that the Court constructively amended the indictment through its definition and instructions to the jury as to "serious bodily injury". Ground Two alleged that the cumulative errors committed by counsel, Regina Stephenson, denied the Petitioner effective assistance of counsel. Count Three alleged that the carjacking statute, 18 U.S.C. § 2119 is unconstitutional both "as

applied" and "facially".

The petition pursuant to 28 U.S.C. § 2255, now pending before this Court, raises a claim based upon the mental impairment of the trial judge, and the racial animus of the trial judge, claims that could not have been raised in Mr. Worthy's 2007 motion because the claim was not ripe as the facts underlying these claims were not publically disclosed until 2010.

## ARGUMENT AND CITATION OF AUTHORITY

The government's premise underlying its argument that Petitioner's motion to vacate must be dismissed as the "second or successive" petition under 28 U.S.C. § 2255 fails to appreciate the definition of what constitutes an impermissibly "second or successive" petition.

Numerically second petitions under § 2255, are not necessarily "second or successive" under the AEDPA. The Eleventh Circuit recently found that when a petitioner raises a claim that could not have been raised at the time the chronologically first petition was filed, the second petition is not "second or successive", requiring permission from the court of appeals under 28 U.S.C. § 2241. Stewart v. United States, 646 F.3d 586, 859-860 (11th Cir. 2011).

> But the Supreme Court has unequivocally explained that the phrase 'second or successive' is not self-defining and does not refer to all habeas applications filed second or

> successively in time. <u>Panetti v. Quarterman</u>, 551 U.S. 930, 943-44, 127 S.Ct. 2842, 2853, 168 L.Ed. 2d, 662 (2007) (footnote omitted). Rather it is a term of art that takes its full meaning from the Supreme Court's case law, including decisions predating the enactment of the AEDPA.

<u>Id</u>. Worthy is raising a claim that did not exist in 2007, so it could not have been raised in his 2007 petition, because the facts underlying the claim were concealed by the trial court and therefore not available to him until they were publically revealed in 2010.

Similar to the analysis the Eleventh Circuit used in <u>Stewart</u>, although the facts of the trial court's mental impairment and racial animus existed at the time Worthy filed his first petition in 2007, the claim was not ripe because the event resulting in their disclosure, Jack Camp's arrest in 2010, had not yet occurred. In <u>Stewart</u> the facts supporting his defective state conviction that was used to enhance his sentence existed at the time of his sentencing and his numerically first § 2255 petition. However, his claim was not ripe until the state court vacated those convictions based on the previously known facts. Similarly, Mr. Worthy's numerically second petition falls in the small subset of unavailable claims that the Eleventh Circuit acknowledges must not be characterized as successive. <u>Stewart</u>, 646 F.3d at 863.

The notion that some types of collateral challenges do not render subsequent petitions or motions "second or successive" is neither novel nor unfamiliar. <u>See</u>, <u>e.g.</u>, <u>Slack v. McDaniel</u>, 529 U.S. 473, 486-87 (2000); <u>Stewart v. Martinez-Villareal</u>, 523

U.S. 637, 644 (1998). In a number of different circumstances, courts have held that, because of the nature of the prior collateral proceedings, a later collateral challenge must be regarded as a first application for habeas relief. See, *e.g.*, Slack, 529 U.S. at 486-87 (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render a subsequent petition second or successive); Stewart, 523 U.S. at 643-44 (petitioner's Ford v. Wainwright claim that he is not competent to be executed should not be treated as a "second or successive" petition, despite the fact that it had been raised in a prior petition and dismissed as unripe); Reeves v. Little, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of the state's system of processing indigent criminal appeals does not render later § 2254 petition successive); Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997) (prior application for relief from judgment mislabeled as an application under § 2255 does not render any subsequent § 2255 motion second or successive); Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (§ 2254 petition dismissed for failure to pay required filing fees is not counted as a first petition for purpose of determining successor status); *see also* United States v. Barrett, 178 F.3d 34, 44 (1st Cir. 1999), *cert. denied*, 120 S. Ct. 1208 (2000) ("The core of AEDPA restrictions on second or successive § 2255 petitions is related to the longstanding judicial and statutory restrictions embodied in the form of res judicata

4

known as the 'abuse of the writ' doctrine.").

As to the standard that district courts are to use in determining whether to dismiss a habeas petition on second or successive grounds,"[d]rawing on the practice at common law in England, th[e] [Supreme] Court long ago established that the power of a federal court to entertain a second or successive petition should turn not on "the inflexible doctrine of res judicata" but rather on the exercise of "sound judicial discretion guided and controlled by a consideration of whatever has a rational bearing on the subject."" McCleskey v. Zant, 499 U.S. 467, 507 (1991) (quoting Wong Doo v. United States, 265 U.S. 239, 240-241 (1924)). Mr. Worthy notes that even if the litigation below had turned "on the inflexible doctrine of *res judicata*", dismissal of a claim that was *unavailable* for presentation at the time of the prior litigation would still not be proper.

In Price v. Johnston, 334 U.S. 266 (1948), the Court reversed a district court's summary dismissal of a petition that raised a claim not asserted in any of three previous petitions filed by the same prisoner. The Price Court explained that where it had been clear from the record that the petitioner in Wong Doo had possessed access to the facts supporting his abandoned claim, the Court found that the district court in Price had no basis for assuming that the prisoner had "acquired no new or additional information since" the disposition of his earlier petitions. Id. at 290. The

Price Court added that "[e]ven if it [had been] found that petitioner did have prior knowledge of all the facts concerning the allegation in question," the district court erred by dismissing the petition before affording the prisoner an opportunity to articulate "some justifiable reason [why] he was previously unable to assert his rights or was unaware of the significance of relevant facts." Id. at 291. In this vein, Mr. Worthy notes that his 2011 Petition – to the effect that he was denied due process by the mental impairment and racial bias of his presiding judicial officer – was a claim that simply did not exist prior to the arrest in 2010 of the judicial officer. Not only did Mr. Worthy have no knowledge in 2007 that Jack Camp was impaired; but even if through some clairvoyance he could have known that to be true, any claim for relief on that basis would have been summarily dismissed in 2007.

In Sanders v. United States, 373 U.S. 1 (1963), the Court examined the abuse-of-the-writ principles, as adopted in Wong Doo and its progeny, in the context of a motion for collateral review filed under 28 U. S. C. § 2255, making it clear at the outset that the same principles applied in the context of a petition for *habeas corpus* filed under 28 U. S. C. § 2254. See 373 U.S., at 12-15. The Sanders Court distinguished successive petitions raising *previously asserted grounds* from those raising *previously unasserted grounds*. With regard to the former class of petitions, the Court explained, the district court may give "controlling weight . . . to [the] denial

of a prior application unless the ends of justice would . . . be served by reaching the merits of the subsequent application." Id. at 15. With regard to the latter, and more pertinent category, the Court held that "the district court must reach the merits of the petition unless "there has been an abuse of the writ..." Id. at 17. In determining whether the omission of the claim from the previous petition constitutes an abuse of the writ, the judgment of the district court is to be guided chiefly by the ""[equitable] principle that a suitor's [negligent] conduct in relation to the matter at hand may disentitle him to the relief he seeks."" Id. (quoting Fay v. Noia, 372 U.S. 391, 438 (1963)). Therefore, "[w]hat emerges from Sanders and its predecessors is essentially a good-faith standard....[well] illustrated by Wong Doo, [that] the principal form of bad faith that the "abuse of the writ" doctrine is intended to deter is the deliberate abandonment of a claim the factual and legal basis of which are known to the petitioner (or his counsel) when he files his first petition." McCleskey, 499 U.S. at 509. Quite obviously, if the factual and legal basis of a claim are not only not known to a petitioner, but are also incapable of being discovered by anyone, then it becomes clear that the interests of the "abuse of the writ" doctrine become wholly inapplicable to the situation at hand. For example, In In re Green, 215 F.3d 1195, 1196 (11th Cir. 2000), this Court denied an application to file a "second or successive" motion to vacate a sentence as unnecessary, explaining that "Green obviously could not

7

challenge his counsel's effectiveness at re-sentencing at the time he filed his first § 2255 motion [which actually gave rise to the re-sentencing]...[thus, the] application to file a successive § 2255 motion is unnecessary because his second § 2255 motion attacks for the first time a sentence that was not yet imposed at the time of his first § 2255 motion." Likewise, in 2007, Mr. Worthy could not have challenged his conviction in a motion to vacate on grounds that the trial judge was impaired and biased because the claim was unavailable and unripe for presentation, as Jack Camp was concealing his mental illness and racial animus.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2255 to impose new limitations on a habeas petitioner's ability to file a document that actually is a "second or successive" application for post-conviction relief in federal court – of course, as the term is understood in the *habeas corpus* context. However, the AEDPA did not venture to redefine this term of art. In order to file a second or successive motion to vacate, the petitioner must first obtain the permission of the court of appeals, and such permission may be granted only if the claim is based on: (1) clear and convincing, newly discovered evidence that, if proven, would be sufficient to disestablish the petitioner's guilt of the offense; or (2) a new and retroactive rule of constitutional law, made applicable by the Supreme Court to cases on collateral review. See 28 U.S.C. § 2255, referencing 28

U.S.C. § 2244.

Although the AEDPA does not define "second or successive" (*see generally* 28 U.S.C. § 2255), it also did not abrogate the well-settled traditional rule governing the examination as to whether a claim is "second or successive". As the Supreme Court noted in Felker v. Turpin, 518 U.S. 651, 664 (1996), the restrictions on successive petitions in AEDPA "constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice "abuse of the writ."" Id. at 664. Courts "therefore answer the question of whether a petition is "second or successive" with reference to the equitable principles underlying the "abuse of the writ" doctrine." Muniz v. United States, 236 F.3d 122, 127 (2d Cir. 2001). The doctrine consists of a "complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions." Felker, 518 U.S. at 664 (quoting McCleksey, 499 U.S. at 489) (internal quotation marks omitted).

Mr. Worthy does not raise a claim of actual innocence based on newly discovered facts. His claim is a denial of due process based on his right to have a competent and unbiased judicial officer presiding over his trial. He has filed his petition within one year of the facts that give rise to the claim becoming known. This claim was not available to Mr. Worthy when he filed his petition in 2007. The petition filed in 2011 is therefore numerically second, but does not fit the definition

of "second or successive" under the AEDPA.

    Dated: This 22nd day of November, 2011.

                                      Respectfully Submitted,

                                       */s/ Stephanie Kearns*
                                      STEPHANIE KEARNS
                                      GEORGIA BAR NO.: 409950
                                      ATTORNEY FOR JEFFERY WORTHY

Federal Defender Program, Inc.
Centennial Tower, Suite 1500
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530; Fax (404) 688-0768
Stephanie_Kearns@fd.org

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Defendant's Reply to Government's Response to Petitioner's Motion Under 28 U.S.C. § 2255 has been formatted in Times New Roman 14 pt., in accordance with Local Rule 5.1B, and was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following counsel of record:

> G. Scott Hulsey
> Assistant United States Attorney
> Suite 600, Richard B. Russell Building
> 75 Spring Street, S.W.
> Atlanta, Georgia 30303

Dated: This 22nd day of November, 2011.

> Respectfully Submitted,
>
> /s/ Stephanie Kearns
> STEPHANIE KEARNS
> GEORGIA BAR NO.: 409950
> ATTORNEY FOR JEFFERY WORTHY

Federal Defender Program, Inc.
Centennial Tower, Suite 1500
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530; Fax (404) 688-0768
Stephanie_Kearns@fd.org